NO. 07-07-0307-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 27, 2007

______________________________
Â 
IN THE MATTER OF THE MARRIAGE OF JEANETTE LYNE BRICKHOUSE, 
AND GREGORY T. BRICKHOUSE AND IN THE INTEREST OF
A.B., E.B. AND C.B., CHILDREN
________________________________

FROM THE 264TH DISTRICT COURT OF BELL COUNTY;

NO. 217,740-D; HONORABLE JOE CARROLL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Gregory Brickhouse filed a notice of restricted appeal from orders entered
on December 27, 2006 in connection with a final divorce decree and child support
obligations. The reporterâs record was filed in this Court on July 25, 2007, and the clerkâs
record, on August 6, 2007. 
Â Â Â Â Â Â Â Â Â Â Â By letter of September 27, 2007, this Court reminded appellant that his appellate
brief was past due. The letter notified appellant that his appeal was subject to dismissal
for want of prosecution unless his brief was filed, along with a motion for extension of time,
by October 8, 2007. On October 2, appellant filed a motion to dismiss his appeal, but the
motion was not accompanied by a certificate of conference or the required filing fee. Tex.
R. App. P. 5, 10.1(a)(5). By letter dated October 23, 2007, we notified appellant that until
these defects were corrected, we would not consider the motion. We also reminded
appellant that his appeal remained subject to dismissal for want of prosecution. Â 
Â Â Â Â Â Â Â Â Â Â An appellate court may dismiss an appeal for want of prosecution if an appellant
fails to timely file a brief unless the appellant reasonably explains the failure and the
appellee is not significantly injured by the failure. Tex. R. App. P. 38.8(a)(1). On its own
motion, with ten days notice to the parties, an appellate court may dismiss a civil appeal
for want of prosecution or failure to comply with a notice from the clerk requiring a
response or other action within a specified time. Tex. R. App. P. 42.3(b),(c). Here the
record reveals appellant Brickhouse has not filed a brief or a motion for extension by the
date specified by the Court, despite notice that his failure to do so would subject the appeal
to dismissal. We further find the Court has given the parties the required ten days notice. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we now dismiss Brickhouseâs appeal for want of prosecution and failure
to comply with a notice from the Court. See Tex. R. App. P. 38.8(a)(1); 42.3(b),(c).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice












tion Locked="false" Priority="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0167-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



AUGUST
4, 2010

Â 



Â 

SHANNON ROSS WEAVER, 

 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM THE COUNTY COURT OF LAMB COUNTY;

Â 

NO. 15,983; HONORABLE WILLIAM A.
THOMPSON JR., PRESIDING

Â 



Â 

Anders
Opinion

Â 



Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Shannon Ross
Weaver was convicted of driving while intoxicated and sentenced after a jury
trial to sixty days confinement in the county jail and a fine of $1,000.Â  Appellant appealed.

Â Â Â Â Â Â Â Â Â Â Â  AppellantÂs
appointed counsel has filed a motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit.Â 
Along with his brief, appellate counsel attached a copy of a letter sent
to appellant informing him of counselÂs belief that there was no reversible
error and of appellantÂs right to file a response or brief pro se.Â  By letter dated July
1, 2010, this court also notified appellant of his right to file his own brief
or response and set July 26, 2010, as the deadline to do so.Â  To date, appellant has filed neither a
response, brief, nor a request for an extention of time.

Â Â Â Â Â Â Â Â Â Â Â  In
compliance with the principles enunciated in Anders, counsel discussed several potential areas for appeal.Â  They include 1) the validity of the search
warrant used to obtain a blood sample from appellant, and 2) the admission of
evidence regarding whether appellant took a portable breath test.Â  However, appellate counsel explained why each
argument lacks merit. 

Â Â Â Â Â Â Â Â Â Â Â  We have also
conducted our own review of the record to assess the conclusions of appellate
counsel and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).Â  That review has failed to reveal reversible
error.Â  

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
the motion to withdraw is granted, and the judgment is affirmed.[2]

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Do not
publish. 











[1]Anders v. California, 386
U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).Â  





[2]Appellant
has the right to file a pro se petition for discretionary review from
this opinion.